Michael S. Cryan (SBN 2751022)
Email: cryan.michael@arentfox.com
David G. Bayles (SBN 208112)
Email: bayles.david@arentfox.com
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:    213.629.7400
Facsimile:    213.629.7401

Oren Warshavsky (NY Bar 3955390) (*Pro Hac Vice*
Application Submitted Concurrently Herewith)
Email oren.warshavsky@troutmansanders.com
TROUTMAN SANDERS, LLP
The Chrysler Building
405 Lexington Avenue
New York, NY  10174
Telephone:    212.704.6213
Facsimile:    212.704.8356

Attorneys for Defendant
TUFAMERICA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ORCHARD ENTERPRISES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>TUFAMERICA, INC., a New York corporation,<br>Defendant. | Case No.  2:08-CV-00553-GEB-EFB<br><br>**DEFENDANT TUFAMERICA, INC.'S ANSWER TO COMPLAINT, COUNTERCLAIMS AND DEMAND FOR TRIAL BY JURY** |
| TUFAMERICA, INC., a New York corporation,<br><br>Counterclaimant,<br><br>v.<br><br>THE ORCHARD ENTERPRISES, INC., a Delaware corporation,<br><br>Counterdefendant. | |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

**ANSWER**

Defendant TufAmerica, Inc. ("TufAmerica"), hereby responds to the Complaint (the "Complaint") filed by Plaintiff, The Orchard Enterprises, Inc. ("The Orchard") and responds in like numbered paragraphs as follows:

**PRELIMINARY STATEMENT**

1.     In response to the allegations set forth in Paragraph 1 of the Complaint, TufAmerica admits the allegations contained therein.

2.     In response to the allegations set forth in Paragraph 2 of the Complaint, TufAmerica admits that in 2005, The Orchard entered into negotiations with TufAmerica concerning rights to certain audio recordings, though TufAmerica disputes the relevance of those negotiations as the parties then entered into a fully integrated contract.   In further response to the allegations set forth in Paragraph 2 of the Complaint, TufAmerica admits The Orchard entered into a written agreement with TufAmerica in 2006, avers that any relationship between the parties is governed by the September 12, 2006 contract (the "Contract") annexed to the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves The Orchard to its proofs.

3.     In response to the allegations set forth in Paragraph 3 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

4.     In response to the allegations set forth in Paragraph 4 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

5.     In response to the allegations set forth in Paragraph 5 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

6.     In response to the allegations set forth in Paragraph 6 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

7.      In response to the allegations set forth in Paragraph 7 of the Complaint, TufAmerica avers that the same is a legal conclusion and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

## JURISDICTION AND VENUE

8.      In response to the allegations set forth in Paragraph 8 of the Complaint, TufAmerica admits the allegations contained therein.

9.      In response to the allegations set forth in Paragraph 9 of the Complaint, TufAmerica admits that the Contract calls for jurisdiction in this judicial district, and denies the allegations that a substantial part of the events giving rise to the claims in this action occurred in this judicial district and because or that it stipulated to venue in this judicial district, and therefore leaves The Orchard to its proofs.

## PARTIES

10.      In response to the allegations set forth in Paragraph 10 of the Complaint, TufAmerica denies that The Orchard is a leading distributor and marketer of music and video recordings, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves The Orchard to its proofs.

11.      In response to the allegations set forth in Paragraph 11 of the Complaint, TufAmerica admits that it is a New York corporation with a principal place of business at 250 West 49 Street, New York New York, and that it is in the business of producing, acquiring and licensing audio recordings, but further states that it has additional businesses such as distribution of recordings.

## FACTUAL BACKGROUND

12.      In response to the allegations set forth in Paragraph 12 of the Complaint, TufAmerica admits that it engaged in negotiations with representatives of The Orchard regarding the exclusive, perpetual worldwide licensing by The Orchard of digital rights in certain audio recordings purportedly owned, licensed to or otherwise controlled by TufAmerica, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves The Orchard to its proofs.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

13.     In response to the allegations set forth in Paragraph 13 of the Complaint, TufAmerica admits the allegations contained therein.

14.     In response to the allegations set forth in Paragraph 14 of the Complaint, TufAmerica admits the allegations contained therein.

15.     In response to the allegations set forth in Paragraph 15 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

16.     In response to the allegations set forth in Paragraph 16 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

17.     In response to the allegations set forth in Paragraph 17 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

18.     In response to the allegations set forth in Paragraph 18 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

19.     In response to the allegations set forth in Paragraph 19 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

20.     In response to the allegations set forth in Paragraph 20 of the Complaint, TufAmerica admits that it entered into the Contract on September 12, 2006, avers that the terms of the Contract speak for themselves, and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

21.     In response to the allegations set forth in Paragraph 21 of the Complaint, TufAmerica avers that the terms of the Contract speak for themselves, and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

22.     In response to the allegations set forth in Paragraph 22 of the Complaint, TufAmerica avers that the terms of the Contract speak for themselves, and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

23.     In response to the allegations set forth in Paragraph 23 of the Complaint, TufAmerica avers that the terms of the Contract speak for themselves, and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

24.     In response to the allegations set forth in Paragraph 24 of the Complaint, TufAmerica avers that the terms of the Contract speak for themselves, and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

25.     In response to the allegations set forth in Paragraph 25 of the Complaint, TufAmerica avers that the terms of the Contract speak for themselves, and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

26.     In response to the allegations set forth in Paragraph 26 of the Complaint, TufAmerica avers that the terms of the Contract speak for themselves, and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

27.     In response to the allegations set forth in Paragraph 27 of the Complaint, TufAmerica avers that the terms of the Contract speak for themselves, and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

28.     In response to the allegations set forth in Paragraph 28 of the Complaint, TufAmerica avers that the terms of the Contract speak for themselves, and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

29.     In response to the allegations set forth in Paragraph 29 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

30.     In response to the allegations set forth in Paragraph 30 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

31.     In response to the allegations set forth in Paragraph 31 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

32.     In response to the allegations set forth in Paragraph 32 of the Complaint, TufAmerica admits that the first group of approximately 3,000 tracks delivered by TufAmerica to The Orchard met the requirements of the Contract, and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

33.     In response to the allegations set forth in Paragraph 33 of the Complaint, TufAmerica admits that it continued to deliver tracks to The Orchard which met the requirements of the Contract, and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

34.     In response to the allegations set forth in Paragraph 34 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

35.     In response to the allegations set forth in Paragraph 35 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

36.     In response to the allegations set forth in Paragraph 36 of the Complaint, TufAmerica that it delivered tracks to The Orchard which included multiple takes of the same song, denies that such tracks were completely redundant and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

37.    In response to the allegations set forth in Paragraph 37 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

38.    In response to the allegations set forth in Paragraph 38 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

39.    In response to the allegations set forth in Paragraph 39 of the Complaint, TufAmerica admits that 7,000 audio recordings sent by TufAmerica to The Orchard met the requirements of the Contract, and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

40.    In response to the allegations set forth in Paragraph 40 of the Complaint, TufAmerica admits that on or about October 3, 2007, TufAmerica sent The Orchard an additional 1,838 audio recordings, which were be Option Masters under the Contract, and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

41.    In response to the allegations set forth in Paragraph 41 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

42.    In response to the allegations set forth in Paragraph 42 of the Complaint, TufAmerica admits that it has refused to allow those less than 800 acceptable audio recordings sent in October, 2007 as Option Musters to be considered us Replacement Masters under the Contract, and that it has demanded additional payment from The Orchard for all 1,838 audio recordings it sent to The Orchard in October, 2007.

43.    In response to the allegations set forth in Paragraph 43 of the Complaint, TufAmerica admits that on or about December 11, 2007, TufAmerica sent The Orchard an additional 9,593 audio recordings, which were Option Masters under the Agreement and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

44.     In response to the allegations set forth in Paragraph 44 of the Complaint, TufAmerica admits that the Option Masters met the requirements of the Contract and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

45.     In response to the allegations set forth in Paragraph 45 of the Complaint, TufAmerica admits that it has refused to any Option Masters to be considered as Replacement Masters under the Contract, and that it has demanded additional payment due under the Contract from The Orchard and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

46.     In response to the allegations set forth in Paragraph 46 of the Complaint, TufAmerica admits that the audio recordings sent by TufAmerica to The Orchard under the Contract as either Masters or Option Masters meet the requirements of Masters under the Contract and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

47.     In response to the allegations set forth in Paragraph 47 of the Complaint, TufAmerica admits that it has demanded rightful payment for the Option Masters it has delivered to The Orchard and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

48.     In response to the allegations set forth in Paragraph 48 of the Complaint, TufAmerica denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore leaves The Orchard to its proofs.

49.     In response to the allegations set forth in Paragraph 49 of the Complaint, TufAmerica admits that The Orchard has breached the Contract by failing to pay additional monies for the Option Masters sent to The Orchard by TufAmerica and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

/ / /

/ / /

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

50.     In response to the allegations set forth in Paragraph 50 of the Complaint, TufAmerica admits that on or about January 17, 2008, TufAmerica indicated that it would treat the Contract as terminated due to The Orchard's refusal to abide by its obligations under the Contract, including remedying its failure to pay monies due, and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

51.     In response to the allegations set forth in Paragraph 51 of the Complaint, TufAmerica denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves The Orchard to its proofs.

52.     In response to the allegations set forth in Paragraph 52 of the Complaint, TufAmerica denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves The Orchard to its proofs.

53.     In response to the allegations set forth in Paragraph 53 of the Complaint, TufAmerica denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves The Orchard to its proofs.

### FIRST CLAIM FOR RELIEF

### (Fraud in the inducement — California Statutory and Common Law)

54.     In response to the incorporation in Paragraph 54 of the Complaint, TufAmerica repeats and realleges the contents of paragraphs 1 through 53 hereof as though the contents thereof were fully set forth herein.

55.     In response to the allegations set forth in Paragraph 55 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

56.     In response to the allegations set forth in Paragraph 56 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

57.     In response to the allegations set forth in Paragraph 57 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

58.     In response to the allegations set forth in Paragraph 58 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

59.     In response to the allegations set forth in Paragraph 59 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

60.     In response to the allegations set forth in Paragraph 60 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

61.     In response to the allegations set forth in Paragraph 61 of the Complaint, TufAmerica denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves The Orchard to its proofs.

62.     In response to the allegations set forth in Paragraph 62 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

63.     In response to the allegations set forth in Paragraph 63 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

## SECOND CLAIM FOR RELIEF

### (Negligent Misrepresentation — Cal. Civ. Code § 1710(2))

64.     In response to the incorporation in Paragraph 64 of the Complaint, TufAmerica repeats and realleges the contents of paragraphs 1 through 63 hereof as though the contents thereof were fully set forth herein.

65.     In response to the allegations set forth in Paragraph 65 of the Complaint, TufAmerica avers that the allegations appear to be unrelated to the Contract and so vague as to be ambiguous and thus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves The Orchard to its proofs.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

66.     In response to the allegations set forth in Paragraph 66 of the Complaint, TufAmerica avers that the allegations appear to be unrelated to the Contract and so vague as to be ambiguous and thus denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves The Orchard to its proofs.

67.     In response to the allegations set forth in Paragraph 67 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs..

68.     In response to the allegations set forth in Paragraph 68 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

69.     In response to the allegations set forth in Paragraph 69 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

70.     In response to the allegations set forth in Paragraph 70 of the Complaint, TufAmerica denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore leaves The Orchard to its proofs.

71.     In response to the allegations set forth in Paragraph 71 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

72.     In response to the allegations set forth in Paragraph 72 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

73.     In response to the allegations set forth in Paragraph 73 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

///

///

///

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

1

## THIRD CLAIM FOR RELIEF

2

### (Breach of Contract)

3    74.    In response to the incorporation in Paragraph 74 of the Complaint, TufAmerica

4  repeats and realleges the contents of paragraphs 1 through 73 hereof as though the contents

5  thereof were fully set forth herein.

6    75.    In response to the allegations set forth in Paragraph 75 of the Complaint,

7  TufAmerica avers that the terms of the Contract speak for themselves, and otherwise denies the

8  allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its

9  proofs.

10    76.    In response to the allegations set forth in Paragraph 76 of the Complaint,

11  TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore

12  leaves The Orchard to its proofs.

13    77.    In response to the allegations set forth in Paragraph 77 of the Complaint,

14  TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore

15  leaves The Orchard to its proofs.

16    78.    In response to the allegations set forth in Paragraph 78 of the Complaint,

17  TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore

18  leaves The Orchard to its proofs.

19    79.    In response to the allegations set forth in Paragraph 79 of the Complaint,

20  TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore

21  leaves The Orchard to its proofs.

22    80.    In response to the allegations set forth in Paragraph 80 of the Complaint,

23  TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore

24  leaves The Orchard to its proofs.

25  / / /

26  / / /

27  / / /

28  / / /

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

**FOURTH CLAIM FOR RELIEF**

**(Breach Of Covenant of Good Faith and Fair Dealing)**

81.     In response to the incorporation in Paragraph 81 of the Complaint, TufAmerica repeats and realleges the contents of paragraphs 1 through 80 hereof as though the contents thereof were fully set forth herein. .

82.     In response to the allegations set forth in Paragraph 82 of the Complaint, TufAmerica avers that the terms of the Contract speak for themselves, that to the extent that said paragraph states a legal conclusion it requires no response, and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

83.     In response to the allegations set forth in Paragraph 83 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

84.     In response to the allegations set forth in Paragraph 84 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

**FIFTH CLAIM FOR RELIEF**

**(Unjust Enrichment)**

85.     In response to the incorporation in Paragraph 85 of the Complaint, TufAmerica repeats and realleges the contents of paragraphs 1 through 84 hereof as though the contents thereof were fully set forth herein.

86.     In response to the allegations set forth in Paragraph 86 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

87.     In response to the allegations set forth in Paragraph 87 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

/ / /

/ / /

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

## SIXTH CLAIM FOR RELIEF

### (Violations of Business & Professions Code § 17200 et. seq.)

88.     In response to the incorporation in Paragraph 88 of the Complaint, TufAmerica repeats and realleges the contents of paragraphs 1 through 87 hereof as though the contents thereof were fully set forth herein.

89.     In response to the allegations set forth in Paragraph 89 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

90.     In response to the allegations set forth in Paragraph 90 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

91.     In response to the allegations set forth in Paragraph 91 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

92.     In response to the allegations set forth in Paragraph 92 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

93.     In response to the allegations set forth in Paragraph 93 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

94.     In response to the allegations set forth in Paragraph 94 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

/ / /

/ / /

/ / /

/ / /

/ / /

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

**SEVENTH CLAIM FOR RELIEF**

**(Rescission Pursuant to Cal. Civil Code Section 1689)**

95.     In response to the incorporation in Paragraph 95 of the Complaint, TufAmerica repeats and realleges the contents of paragraphs 1 through 94 hereof as though the contents thereof were fully set forth herein.

96.     In response to the allegations set forth in Paragraph 96 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

97.     In response to the allegations set forth in Paragraph 97 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

98.     In response to the allegations set forth in Paragraph 98 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

99.     In response to the allegations set forth in Paragraph 99 of the Complaint, TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

**EIGHTH CLAIM FOR RELIEF**

**(Declaratory Judgment)**

100.    In response to the incorporation in Paragraph 100 of the Complaint, TufAmerica repeats and realleges the contents of paragraphs 1 through 99 hereof as though the contents thereof were fully set forth herein.

101.    In response to the allegations set forth in Paragraph 101 of the Complaint, TufAmerica admits that an actual controversy has arisen and now exists between The Orchard and TufAmerica concerning their respective rights and duties and otherwise denies the allegations contained in said paragraph of the Complaint, and therefore leaves The Orchard to its proofs.

/ / /

/ / /

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

1    102.    In response to the allegations set forth in Paragraph 102 of the Complaint,

2    TufAmerica denies knowledge or information sufficient to form a belief as to the truth of the

3    allegations contained therein, and therefore leaves The Orchard to its proofs.

4    103.    In response to the allegations set forth in Paragraph 103 of the Complaint,

5    TufAmerica denies the allegations contained in said paragraph of the Complaint, and therefore

6    leaves The Orchard to its proofs.

7    ## AFFIRMATIVE DEFENSES

8    ### FIRST AFFIRMATIVE DEFENSE

9    104.    The Complaint fails to state a cause of action upon which relief can be granted.

10   The causes of action in the Complaint other than those for breach of contract are duplicative and

11   improperly raised.

12   ### SECOND AFFIRMATIVE DEFENSE

13   105.    The Complaint and the causes of action recited therein are barred under the

14   doctrine of laches.

15   ### THIRD AFFIRMATIVE DEFENSE

16   106.    The Complaint and the causes of action recited therein are barred under the

17   doctrine of estoppel.

18   ### FOURTH AFFIRMATIVE DEFENSE

19   107.    The Complaint and the causes of action recited therein are barred under the

20   doctrine of waiver.

21   ### FIFTH AFFIRMATIVE DEFENSE

22   108.    The Complaint and the causes of action recited therein are barred under the

23   doctrine of acquiescence.

24   ### SIXTH AFFIRMATIVE DEFENSE

25   109.    The Orchard proceeded with unclean hands by bringing the Complaint against

26   TufAmerica.

27   ///

28   ///

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 16 -

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

1

### SEVENTH AFFIRMATIVE DEFENSE

2   110.   The Orchard has not sustained any damages due to acts or omissions of

3   TufAmerica.

4

### EIGHTH AFFIRMATIVE DEFENSE

5   111.   At all times, TufAmerica has abided by all applicable laws, regulations and

6   statutes.

7

### NINTH AFFIRMATIVE DEFENSE

8   112.   At all material times herein, TufAmerica acted in good faith and with proper

9   motives.

10

### TENTH AFFIRMATIVE DEFENSE

11   113.   The Complaint and the causes of action recited therein are barred under the

12   contractual and other applicable limitations periods.

13

### ELEVENTH AFFIRMATIVE DEFENSE

14   114.   This is the improper venue for this action.

15

### TWELFTH AFFIRMATIVE DEFENSE

16   115.   Any loss or damage sustained by The Orchard was occasioned by the acts,

17   omissions and/or negligence of persons and/or entities over whom TufAmerica exercises no

18   control.

19

### THIRTEENTH AFFIRMATIVE DEFENSE

20   116.   Any damage or loss sustained by The Orchard was occasioned by The Orchard's

21   own negligence, reckless conduct, fraudulent conduct, and/or intentional misconduct, for which

22   TufAmerica is not liable.

23

### FOURTEENTH AFFIRMATIVE DEFENSE

24   117.   The Orchard abandoned the causes of action herein.

25   / / /

26   / / /

27   / / /

28   / / /

- 17 -

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

### FIFTEENTH AFFIRMATIVE DEFENSE

118.    To the extent that The Orchard suffered any loss, such loss could have been avoided by taking measures reasonable under the circumstances to avoid or reduce loss.  To the extent that The Orhcard has suffered any loss, The Orchard's failure to mitigate such loss deprives it of the right to part or all of the compensation it seeks herein.

DATED: April 23, 2008                          **ARENT FOX LLP**


By  /s/ David G. Bayles
DAVID G. BAYLES
Attorneys for Defendant
TUFAMERICA, INC.


### COUNTERCLAIMS

Defendant TufAmerica, Inc. ("TufAmerica"), by and for counterclaims against The Orchard Enterprises, Inc. ("The Orchard") states as follows:

### PRELIMINARY STATEMENT

1.    After its predecessor entered into a contract with TufAmerica, and used its contract and due diligence in connection with that contract as a basis for publicity and investment opportunities, The Orchard engaged in pervasive and systematic breaches of contract.  Indeed, despite the aforementioned publicity, The Orchard continued to sell the very same music which it now complains about – despite refusing to pay for the same.  Even worse, The Orchard has engaged in pervasive and systemic acts of impropriety, apparently with the hope of suppressing TufAmerica's earnings solely to benefit The Orchard.  Because The Orchard has failed to remedy its wrongdoing despite TufAmerica's repeated requests, TufAmerica has been forced to bring these counterclaims to protect its rights.

### PARTIES AND JURISDICTION

2.    TufAmerica is a New York corporation with it principal place of business at 250 West 49 Street, New York New York.

- 18 -

**ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB**

3.      The Orchard is a Delaware Corporation with a principal place of business at 2151 River Plaza Drive, Suite 200, Sacramento, California.

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332.  The amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and the parties are citizens of different states.

## FACTUAL BACKGROUND

5.      On or about September 12, 2006, The Orchard entered into a Digital Distribution Agreement (the "Contract") with TufAmerica.

6.      In reliance on the Contract and The Orchard's representations thereunder, TufAmerica compiled several master recordings (a "Master" or the "Masters") related album and promotional artwork, negatives, photographs, album covers and textual material and name and likeness materials that was in TufAmerica's possession and which had previously been released to the public by TufAmerica as well as metadata (the "Metadata") containing all information for processing the masters.

7.      Each Master and associated Metadata was provided by TufAmerica completely, in the proper format, technically and mechanically fit, and in the proper genres.

8.      TufAmerica fully performed all of its obligations under the Contract.

9.      The Orchard has publicized the Contract.

10.     Upon information and belief, The Orchard has raised money from investors based upon the Contract.

11.     The Orchard has commercialized the Masters and Metadata provided to The Orchard by TufAmerica under the Contract.

12.     The Orchard has realized income as a result of its commercialization of the Masters and Metadata provided to The Orchard by TufAmerica under the Contract.

13.     The Orchard has refused to pay TufAmerica all amounts owed under the Contract.

/ / /

/ / /

/ / /

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 19 -

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

**As And For A First Claim for Relief:**

**BREACH OF CONTRACT**

14.    To the extent applicable, TufAmerica realleges and incorporates by reference each of the allegations of the foregoing paragraphs as if fully set forth herein.

15.    TufAmerica and The Orchard entered into the Contract.

16.    TufAmerica performed all of its obligations under the Contract.

17.    The Orchard refused to perform its obligations under the Contract.

18.    TufAmerica has been damaged by The Orchard's conduct.

**As And For A Second Claim for Relief:**

**BREACH OF CONTRACT**

19.    To the extent applicable, TufAmerica realleges and incorporates by reference each of the allegations of the foregoing paragraphs as if fully set forth herein.

20.    The Contract contained and included the implied covenant of good faith and fair dealing that required, among other things, that The Orchard do nothing to deprive TufAmerica the benefits of the Agreement.

21.    The Orchard breached the foregoing implied covenant by, among other things, engaging in the misconduct described above and hereafter, including but not limited to The Orchard's improper refusal to pay sums due, and The Orchard's improper and belated attempts to reject delivery of Masters and Metadata. As a result of this misconduct, TufAmerica has been deprived of the benefits it is entitled to under the Contract.

22.    As a direct and proximate result of the foregoing, TufAmerica has been damaged in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, TufAmerica prays for judgment against The Orchard as follows;

a.    That judgment be entered in favor of TufAmerica and against The Orchard on all counts of The Orchard's complaint and TufAmerica's Counterclaims;

/ / /

/ / /

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 20 -

ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB

1    b.    That the Court award compensatory damages in an amount according to proof,

2  including but not limited to all actual, out-of-pocket, overhead or other expenses, costs, damages

3  and losses suffered and incurred or to be suffered and incurred, and all lost profits and earnings

4  resulting from the acts alleged in the Counterclaims;

5    c.    That the Court award to TufAmerica punitive and exemplary damages in an amount

6  according to proof;

7    d.    That the Court award to TufAmerica interest on all recoverable damages at the

8  highest legal rate from the earliest possible date;

9    e.    That the Court award to TufAmerica attorneys' fees and costs incurred in connection

10  with this action to the fullest extent permitted by law; and

11    f.    That the Court award to TufAmerica such other and further relief as this Court may

12  deem just and proper.

13  DATED: April 23, 2008                     **ARENT FOX LLP**

14

15                                            By  /s/ David G. Bayles

16                                               DAVID G. BAYLES
                                                 Attorneys for Defendant
17                                               TUFAMERICA, INC.

18

19                         **DEMAND FOR TRIAL BY JURY**

20    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff TufAmerica hereby demands

21  a jury trial as to all triable claims in this action.

22  DATED: April 23, 2008                     **ARENT FOX LLP**

23

24                                            By  /s/ David G. Bayles

25                                               DAVID G. BAYLES
                                                 Attorneys for Defendant
26                                               TUFAMERICA, INC.

27

28

**ANSWER TO COMPLAINT,
COUNTERCLAIMS AND JURY DEMAND
2:08-CV-00553-GEB-EFB**

**THE ORCHARD ENTERPRISES, INC v. TUFAMERICA, INC.**

**US District Court Eastern District**
**Case No. 2:08-CV-00553-GEB-EFB**

**PROOF OF SERVICE**

I am a citizen of the United States. My business address is ARENT FOX LLP, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013. I am employed in the County where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

**DEFENDANT TUFAMERICA, INC.'S ANSWER TO COMPLAINT,**
**COUNTERCLAIMS AND DEMANDS FOR TRIAL BY JURY**

(BY FAX) I transmitted via facsimile, from facsimile number (213) 629-7401, the document(s) to the person(s) listed below at the fax number(s) set forth therein, on this date before 5:00 p.m. A statement that this document was successfully transmitted without error is attached to this Proof of Service.

X   **(BY MAIL)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) listed below and sealed and placed the envelopes for collection and mailing following ordinary business practices.

(BY OVERNIGHT DELIVERY) On this date, I placed the documents in envelope(s) addressed to the person(s) on the within service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

(BY PERSONAL SERVICE) On this date, I delivered by hand envelope(s) containing the document(s) to the persons(s) listed below.

| | |
|---|---|
| William R. Overend | Attorneys for Plaintiff |
| REED SMITH LLP | The Orchard Enterprises, Inc. |
| Two Embarcadero Center, Suite 2000 | |
| San Francisco, CA 94111-3922 | |

**MAILING ADDRESS:**
P.O. Box 7936
San Francisco, CA 94120-7936

Tel: (415) 543-8700
Fax (415) 391-8269

PROOF OF SERVICE

1  Emily B. Kirsch                          Attorneys for Plaintiff
   REED SMITH LLP                           The Orchard Enterprises, Inc.
2  599 Lexington Avenue
   New York, New York 10022
3
   Tel: (212) 521-5400
4  Fax (212) 521-5450

5  ☒   (Federal) I declare under the laws of the United States of America that
       the foregoing is true and correct.
6
7      Executed on April 23, 2008, at Los Angeles, California.

8                                            _____
                                                    Violet Coogan
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE