IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ORCHARD ENTERPRISES, INC., | ) | |
| Plaintiff, | ) | 2:08-cv-00553-GEB-EFB |
| v. | ) | ORDER[*] |
| TUFAMERICA, INC., | ) | |
| Defendant. | ) | |

        On August 12, 2009, Plaintiff filed a motion to enforce the settlement agreement attached as an exhibit to its motion.  The hearing on the motion is scheduled for September 28, 2009.  On September 11, 2009, Defendant filed a related-motion to seal and rescind this settlement agreement.  However, since Defendant has not sufficiently explained why this settlement agreement should be sealed after it has been on the public docket for approximately four weeks, this portion of Defendant's motion is denied.

        The parties' dispute concerning whether their settlement

---

[*] These matters were determined suitable for decision without oral argument.  E.D. Cal. R. 78-230(h).

1

agreement should be enforced or rescinded has not been shown to be within the subject matter jurisdiction of the federal court. "Enforcement of a settlement agreement is essentially an action for breach of contract, which is governed by state and not federal law." <u>Columbia Gas Transmission Corp. v. Ashleigh Heights LLC</u>, 261 F.Supp.2d 332, 333 (D. Md. 2002). Further, whether the settlement agreement should be rescinded is governed by state law. A federal court does not have jurisdiction over a settlement dispute just because the dispute concerns a settlement of claims over which federal subject matter jurisdiction existed. <u>O'Connor v. Colvin</u>, 70 F.3d 530, 532 (9th Cir. 1995) (stating the parties are required to allege facts showing subject matter jurisdiction exists over their "settlement dispute"); <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 378 (1994) (stating "[e]nforcemment of [a] settlement agreement . . . whether through award of damages or decree of specific performance . . . requires its own basis for jurisdiction"). Since it has not been shown that federal subject matter jurisdiction exists over the settlement disputes at issue, this action is dismissed and the Clerk of the Court shall close the action.

Dated: September 15, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge